## (July 12, 1966)

■ Wer Realty, Inc., Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 39446.) Grace K. McCully, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 39461.) — Gibson, P. J. Appeals by the State from judgments of the Court of Claims which awarded damages for the appropriation of real property to claimant McCully, owner of the fee, and to claimant Wer Realty, Inc., her lessee; and cross appeals by claimants on the ground of inadequacy. The appropriation constituted the complete taking of a parcel of 20.72 acres which McCully had shortly before leased, under a long-term lease, to Wer, a real estate investment corporation, which had then negotiated a sublease of a portion of the premises to the Grand Union Company as the initial and "key" subtenant essential to Wer's projected development of the site as a

shopping center. The Court of Claims made an award of $207,200 to be "evenly divided between the two claimants", without indicating the basis of its decision. The State's brief notes that its appeal is protective and *pro forma,* its sole concern being that the award should not be increased upon appeal. Each claimant contends that the total award and the amount thereof allocated to his interest in the appropriated parcel are alike inadequate. All of the five experts to testify valued the land first on the market value data or comparable sales approach. The sales to Kuzman, Tri-City Lanes, Inc., Turnpike Operating Corp. and Swyer and the purchases assembled for Topps Discount Center were clearly the most helpful and enlightening, these properties being most nearly comparable to the parcel taken as regards location, size and contemplated use. The basic per-acre prices involved, without reference to the controversial and often overweighted revisions, upward and downward, for which the experts contended, ranged from $3,000 and $6,000 through $11,000 to $14,000. Certain other sales proven, more particularly those at $15,316, at $18,392 and at $24,123, do not seem to us to be comparable. The court's finding of $10,000 seems, rather clearly and quite properly, to have been predicated solely on the market value data approach. The sale to Topps at $13,980 is persuasive evidence but the sales to Tri-City and Swyer at $11,000 and $11,017, respectively, seem to us to be the most nearly comparable shown and we consider that the unit value of $10,000 found by the Court of Claims should be increased to $11,000, the award thus continuing to be predicated on the market value data approach, and the aggregate of the awards being thereby increased to $227,920. The alternative economic or income approach, insofar as predicated on assumed rentals from, and expenses of a projected shopping center, by which certain of the witnesses proceeded to reach much higher valuations, was obviously and with good reason disregarded. The expert testimony that with the key tenant's commitment, other prospective and profitable tenants would seek locations about the first tenant as a nucleus, is credible and adequate to warrant a finding of enhanced value (cf. *Levin* v. *State of New York,* 13 N Y 2d 87); but the evidence falls far short of establishing a basis for the economic approach whereby claimant lessee would capitalize hypothetical income over a long term in future, from a number of varied, unobligated tenants, occupying hypothetical buildings neither contracted for nor designed. Residual land value may not be ascertained by capitalization of "hypothetical profits estimated from a non-existent business." (*Levitin* v. *State of New York,* 12 A D 2d 6, 8.) In this exigency, and under the circumstances of this case, we may properly have recourse to the McCully-Wer lease which is, of course, fully operative and complete, and, by capitalization of the reserved rent and estimate of the value of the optioned reversion, determine the value of the lessor's interest, in the manner adopted and approved by claimant Wer's experts; the residue then constituting the value of the leasehold interest. (See 1 Orgel, Valuation under Eminent Domain, § 122.) The rental was fixed at $7,200 net per annum, a sum concededly low if not improvident, in retrospect at least, and an option was granted, exercisable during the last year of the term or extended term, to purchase for $130,000. Under these and all the circumstances, the computation and evaluation of the lessor's interest at $122,300 by each of the tenant's witnesses seems to us correct. The computations by the lessor's experts appear unreliable and unrealistic. On the basis of the corrected evaluation of $227,920 the interest of the lessor amounts to $122,300 and that of the tenant to $105,620. Judgment in each case modified, on the law and the facts, that in favor of claimant Grace K. McCully so as to increase the award to $122,300, with appropriate interest, and that in favor of Wer Realty, Inc., so as to increase the award to $105,620, with appropriate interest, and judgment in each case, as so

modified, affirmed, with one bill of costs to claimants-respondents-appellants. Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur.